## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KIMBERLY ANN HENNY,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK T. O'CONNOR, CEO, Federal Prison Industries; J. STANEK, Factory Manager, Unicor FCI Waseca; MISTELLE STARR, Warden, FCI Waseca; MICHAEL CARVAJAL, Federal Bureau of Prisons Director; and ANDRE MATEVOUSIAN, Regional Director of Bureau of Prisons,<br><br>Defendants. | Case No. 22-CV-2121 (ECT/JFD)<br><br>**ORDER and REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Kimberly Ann Henny's Application to Proceed Without Prepaying Fees or Costs (Dkt. No. 2) and her Motion for Reconsideration (Dkt. No. 5). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The undersigned grants Ms. Henny's Motion for Reconsideration but recommends that the Court dismiss the case and deny Ms. Henny's Application to Proceed Without Prepaying Fines or Costs.

Ms. Henny, a prisoner currently detained at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), alleges that the federal government violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, through its treatment of federal prisoners

1

employed by UNICOR, a labor program for federal prisoners. Ms. Henny also alleges that UNICOR violates both the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and state law.

Consistent with 28 U.S.C. § 1915(b), Ms. Henny was ordered to pay an initial partial filing fee of at least $109.83 if she intended to prosecute this action. See Dkt. No. 3. Ms. Henny requests that the Court reconsider that decision, citing a recent adjustment to her restitution obligations under the Inmate Financial Responsibility Program that Ms. Henny says leaves her unable to make the required initial payment in this matter. See Dkt. No. 5. In light of the information provided by Ms. Henny regarding her current financial obligations, this Court concludes that Ms. Henny currently "has no assets and no means by which to pay the initial partial filing fee" previously assessed. 28 U.S.C. § 1915(b)(4). Accordingly, Ms. Henny's motion for reconsideration will be granted, and the requirement that she pay an initial partial filing fee will be waived in this case. That said, although Ms. Henny is being excused from payment of the *initial* partial filing fee at the outset of this action, she remains responsible for the entirety of the $350.00 statutory filing fee, which must be paid in installments over time; officials at the prison where Ms. Henny now resides will be notified of Ms. Henny's financial obligation to the Court. See 28 U.S.C. § 1915(b)(2).

Ms. Henny's complaint is now before the Court for review under 28 U.S.C. § 1915A. See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As Ms. Henny was previously warned by the Court, *see* Dkt. No. 3 at 3 n.2, her claim under the FLSA is dead on arrival.  "It is well established that a prisoner is not an employee under the (FLSA), because the relationship is not one of employment, but arises out of the prisoner's status as an inmate."  *Wilkerson v. Samuels*, 524 F. App'x 776, 779

3

(3d Cir. 2013) (per curiam); *see also Henthorn v. Dep't of Navy*, 29 F.3d 682, 686-87 (D.C. Cir. 1994) (finding that prisoner employed and paid by prison entities is not covered by the FLSA); *Vanskike v. Peters*, 972 F.2d 806, 809-11 (7th Cir. 1992); *McMaster v. State of Minnesota*, 819 F. Supp. 1429, 1436-38 (D. Minn. Apr. 29, 1993). The FLSA does not apply where a federal prisoner is employed by the prison itself, and Ms. Henny therefore cannot invoke that statute as a vehicle for relief.

Ms. Henny also seeks relief under the ADA. Her claims under this statute are largely conclusory—she does not, for example, allege how she is disabled for purposes of the ADA, instead stating only that she has a "diagnosis substantiating the protection of this Act in regards to the employment conditions at UNICOR," Compl. at ¶ 19 (Dkt No. 1)—but the United States and all wholly owned corporations of the United States (such as UNICOR) are excluded from the definition of "employer" relevant to the ADA. *See* 42 U.S.C. § 12111(5)(B)(i); *Vargas v. DeJoy*, 980 F.3d 1184, 1188 n.4 (7th Cir. 2020). Nor, again, is Ms. Henny an "employee" for purposes of the ADA (or any other federal statute), as her "relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of [her] status as an inmate, not an employee." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Finally, even if Ms. Henny's relationship with UNICOR were governed by the ADA (and even if Ms. Henny had adequately alleged that she is disabled for purposes of the ADA), she has not plausibly alleged that UNICOR has treated her any differently than similarly situated inmates due to her disability. Ms. Henny's ADA claim therefore fares no better than her FLSA claim.

Finally, Ms. Henny seeks relief under the minimum-wage laws of the State of Minnesota and for unjust enrichment, a state-law cause of action.[1] *See* Compl. at ¶ 7. Ms. Henny has not, however, pleaded a basis for the Court's original jurisdiction over these state-law claims, *see* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1332(a); Compl. at 4, and the Court should not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal-law claims are dismissed prior to trial, *see Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Further, even if Ms. Henny had pleaded a basis for the Court's jurisdiction over the state-law claims, the federal government has not waived its sovereign immunity with respect to these claims (for example, these claims are not torts within the meaning of the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)). *See Pesnell v. United States*, 64 F. App'x 73, 74 (9th Cir. 2003) (per curiam).

Accordingly, it is recommended that this matter be dismissed in its entirety—the federal-law claims pursuant to § 1915A(b) for failure to state a viable claim for relief, and the state-law claims for lack of jurisdiction. The Court does not believe Ms. Henny's federal-law claims to be amenable to repleading and therefore recommends that those claims be dismissed with prejudice. Because the state-law claims must be dismissed on jurisdictional grounds, however, those claims are recommended to be dismissed without prejudice.

---

[1] Ms. Henny also refers to "85 U.S.C. § 1761(c)(4)" as a basis for relief. *See* Compl. at 4. This provision does not appear to exist, and it is not clear to the Court to what alternative provision Ms. Henny might have been intending to refer.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The motion for reconsideration of plaintiff Kimberly Ann Henny (Dkt. No. 5) is **GRANTED**.

2. Ms. Henny must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Ms. Henny is confined.

## RECOMMENDATION

Further, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED** as follows:

    a. The claims of plaintiff Kimberly Ann Henny arising under federal law be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)

    b. Ms. Henny's state-law claims be **DISMISSED WITHOUT PREJUDICE** for lack of federal subject-matter jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Kimberly Ann Henny (Dkt. No. 2) be **DENIED**.

Dated: November 3, 2022        _s/ John F. Docherty_
                                              JOHN F. DOCHERTY
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).